UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,

Case No. 15-cr-20768
Hon. Terrence G. Berg

vs.

Justin R. Singleton,

                Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE

An Indictment was entered on December 2, 2015, charging Defendant Justin R. Singleton ("Defendant") in Count One with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); in Count Two with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1); and in Count Three with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc #1).

The Indictment includes a Forfeiture Allegation providing notice that upon conviction of an offense as charged in Counts One or Three of the Indictment, Defendant Justin R. Singleton shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and ammunition involved

in said offense including, but not limited to, a Kel-Tec, model PLR16, 5.56 millimeter, semi-automatic handgun, serial number P8U78.

On or about April 7, 2017, Defendant entered into a Rule 11 Plea Agreement ("Rule 11"), wherein he pleaded guilty to Count Three of the Indictment, charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  (Doc #41).

In his Rule 11 Defendant agreed, pursuant to 18 U.S.C. § 924(d), to the forfeiture of the following firearm as property involved in the violation of 18 U.S.C. § 922(g):

1. Kel-Tec, Model PLR16, semi-auto handgun, serial number P8U78, and ammunition.

With respect to the above-identified firearm and ammunition, the defendant agreed to the entry of one or more orders of forfeiture of his interest in such property, upon application by the United States at, or any time before, his sentencing in this case. The Rule 11 Plea Agreement inadvertently contained the incorrect serial number PSU78 instead of P8U78.

In his Rule 11, defendant knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In his Rule 11 defendant acknowledged that he understands that the

forfeiture of assets is part of the sentence that may be imposed in this case and waived his right to challenge any failure by the court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J). Defendant also expressly waived his right to have a jury determine the forfeitability of his interest in the above-identified firearms as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

Fed. R. Crim. P. 32.2(b)(2)(A) and (B) directs the Court to enter a preliminary order of forfeiture directing the forfeiture of specific property that it finds is subject to forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications, before the order becomes final as to the defendant under Rule 32.2(b)(4), unless doing so is impractical.

Defendant Justin R. Singleton is scheduled to be sentenced on July 27, 2017, making it appropriate for the Court to enter a preliminary order of forfeiture with regard to the subject property.

NOW, THEREFORE, based upon the Indictment, the Rule 11, the government's application, and the information in the record;

IT IS HEREBY ORDERED that any and all interest of Defendant Justin R. Singleton in the Kel-Tec, Model PLR16, semi-auto handgun, serial number P8U78, and ammunition, IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant

Justin R. Singleton, and any right, title or interest that his heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED:

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P 32.2(b)(6) and Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty consecutive days.  The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the subject property, other than Defendant Justin R. Singleton, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the subject property.  The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED that following the Court's disposition of any petitions for ancillary hearing, and upon proof of publication and notice to any persons known to have alleged an interest in the subject property, the United States shall have clear title to the property and shall be authorized through the Bureau of Alcohol, Tobacco, Firearms, and Explosives to dispose of the forfeited assets as prescribed by law.

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(c)(2) this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided under Fed. R. Crim. P. 32.2(c)(2).

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:   July 20, 2017